

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 NOV 22  P 12: 51

CLERK'S OFFICE
AT BALTIMORE
BY _____

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney<br><br>Judson T. Mihok<br>Assistant United States Attorney | 36 South Charles Street<br>Fourth Floor<br>Baltimore, Maryland 21201 | DIRECT: 410-209-4903<br>MAIN: 410-209-4800<br>FAX: 410-962-3091<br>TTY/TDD: 410-962-4462<br>Judson.Mihok@usdoj.gov |

September 19, 2011

Patrick Kent
Assistant Federal Public Defender
Tower II, Suite 900
100 South Charles Street
Baltimore, Maryland 21201

Re:   United States v. Thomas Leroy Griffin, Jr., Criminal No. RDB 11-0433

Dear Mr. Kent:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by October 14, 2011, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.  The Defendant agrees to plead guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to Count One of the Criminal Indictment charging him with Sexually Exploiting a Minor for the Purpose of Producing Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

2.  The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Revised 11/5/09

That on or about the dates specified in Count One of the Indictment, in the District of Maryland, the Defendant:

      a. Knowingly employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct;

      b. For the purpose of producing a visual depiction of such conduct;

      c. And the Defendant had reason to know that the materials used to produce the visual depictions were transported in interstate and foreign commerce.

3. <u>Penalties</u>

      a. The sentence provided by statute for each of the offenses to which your client is pleading guilty is as follows: not less than fifteen (15) years and not more than thirty (30) years imprisonment, a $250,000 fine, and supervised release for 5 years to life. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

      b. The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

<u>Waiver of Rights</u>

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

      a. If the Defendant had persisted in his plea of not guilty, he would have

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

2

had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

     b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

     c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

     d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

     e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

     f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

     g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

     h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate

proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

    a. <u>PRODUCTION</u>

        (i) The base offense level is thirty-two (32) pursuant to U.S.S.G. §2G2.1(a).

        (ii) Pursuant to U.S.S.G. §2G2.1(b)(1), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense.

        (iii) Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because there was commission of a sexual act or sexual conduct.

        (iv) Pursuant to U.S.S.G. §2G2.1(5), there is a two (2) level increase because the minor was in the custody, care or supervisory control of the defendant.

        (v) **The offense level, therefore, is forty (40).**

    b. <u>RELEVANT CONDUCT PER U.S.S.G. §1B1.3</u>

        (i) Pursuant to U.S.S.G. §2A3.1, the Defendant engaged in the repeated Criminal Sexual Abuse of the Minor Victim. Said abuse occurred at least 5 separate times during the range of dates specified in the Indictment for Count One. The base offense for this conduct starts at level thirty (30) pursuant to U.S.S.G. §2A3.1.

        (ii) Pursuant to U.S.S.G. §2A3.1(b)(2), the victim had not attained the

4

age of 12 years, so four (4) level accrue.

        (iii)    Pursuant to U.S.S.G. §2A3.1(b)(3), the victim was in the care, custody or supervisory control of the Defendant, so two (2) levels accrue.

        (iv)    The adjusted offense level for the relevant conduct is **36**.

    c.    <u>COMBINED OFFENSE LEVEL</u>

Pursuant to U.S.S.G. §§1B1.2 and 3D1.4, the above-referenced conduct does not group. The guidelines count as one unit the group with the highest offense level and count as one additional unit each group that is equally serious or from 1 to 4 levels less serious. Since the U.S.S.G. for Production offense is forty (40) and the Criminal Sexual Abuse/Relevant Conduct is thirty-six (36), four (4) levels less serious, each instance counts as one Unit. U.S.S.G. §3D1.4(a). Therefore, the highest offense level (40) is increased by five (5) offense levels.

**The offense level, therefore, is forty-five (45).**

7.    This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The final base offense level, therefore, is forty-two (42).**

8.    The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.    This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, there should be a no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Obligations of the United States Attorney's Office

10.     The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), **a sentence of the statutory maximum of 360 months (30 years) imprisonment in the custody of the Bureau of Prisons and lifetime supervised release is the appropriate disposition of this case.** This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).

11.     As stated above, at the time of sentencing, the United States Attorney's Office will recommend a sentence of 360 months (30 years), a lifetime period of supervised release, and will move to dismiss the remaining charge of the Indictment pending against the Defendant.

12.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the count of the Indictment that this Office has agreed to dismiss at sentencing.

### State v. Thomas L. Griffin (Washington County)

13.     Pursuant to this agreement, the Defendant also agrees to plead guilty to the charge of Sexual Abuse of a Minor, Continuing Course of Conduct (for the sexual abuse against Jane Doe) that is now pending against him in Washington County. If the Defendant is sentenced in accord with this agreement, the Washington County State's Attorney's Office will recommend a 30 year sentence to be served concurrently to the federal sentence in this case and the State will dismiss the remaining counts.

### Waiver of Appeal

14.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), <u>except</u> as follows: (i) the Defendant reserves the right

to appeal any term of imprisonment to the extent that it exceeds **360 months**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **360 months**.

        c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

        d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

15.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

16.     The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Forfeiture

17.     The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on August 17, 2010, and December 21, 2010. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United

7

States.

### Restitution

18. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Testing

19. The Defendant agrees to the entry of an order requiring him to undergo blood testing to determine if he has any sexually transmitted diseases or is HIV positive. The testing is ordered pursuant to Title 42, USC § 14011. The release of the results of the test shall comply with that same section and expressly understands and agrees that the results will be shared with the guardian for Jane Doe.

### Entire Agreement

20. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

X  11/2/11                              X  _____
   Date                                    Thomas Leroy Griffin, Jr.

I am Thomas Leroy Griffin, Jr.'s attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

11/2/11                                 _____
Date                                    Patrick Kent, Esquire

9

## ATTACHMENT A-STATEMENT OF FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Thomas Leroy Griffin, Jr., age 32, formerly was a resident of Hagerstown and Rosedale, Maryland.

In August of 2010, Jane Doe, a minor female under the age of 12, disclosed that the Defendant had been sexually assaulting her for approximately six (6) years. Jane Doe stated the most recent sexual assault occurred on August 14, 2010 in Hagerstown, Maryland. Jane Doe stated that the Defendant repeatedly engaged in sexual intercourse with her, on more than five occasions, and also made Jane Doe perform oral sex on him, as well as other sexual acts, to include making her touch his penis and touching her vagina.

On December 15, 2010, Jane Doe's mother located a VHS video tape in a bedroom at her residence. The video tape was hidden and labeled "Saved by the Bell" on the outside. The video, which is approximately 8 minutes and 50 seconds long, opens with the Defendant placing the video in what has been identified as the bathroom at the residence and as having been taken, based on decor and the age of Jane Doe, approximately one year prior to it being recovered. The Defendant is then heard calling Jane Doe's name on the video. Thereafter, the Defendant asked Jane Doe, "If she wanted to do something real quick" before Jane Doe's mother returned. Jane Doe enters the bathroom and disrobes while the Defendant removes his pants, exposing his penis. The Defendant is heard asking Jane Doe if she is crying, and Jane Doe replies that it is raining outside. Jane Doe repeatedly states that she is not feeling well and that she feels like she is going to be sick. Then the Defendant instructs Jane Doe to "stand with her butt sticking out" and then engages in intercourse with Jane Doe. When the Defendant is done having intercourse with Jane Doe, she is seen sitting on the toilet and wiping herself as the Defendant pulls his pants back up; then both exit the bathroom.

THOMAS LEROY GRIFFIN, JR., knowingly used and coerced Jane Doe to engage in sexually explicit conduct for the purpose of producing the visual depiction of such conduct. The VHS tape GRIFFIN used to record himself engaged in sexually explicit conduct with Jane Doe was a Maxell VHS tape. The tape was manufactured in Korea. GRIFFIN knew and had reason to know that the videotape had been transported in interstate commerce. Further, GRIFFIN engaged in sexual conduct, to include sexual intercourse and oral sex, with Jane Doe on at least five occasions from the time Jane Doe was five or six years old and continuing through her disclosure to her mother in August 2010.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

X 11/2/11
Date

⊗ *Thomas L Griff Jr.*
Thomas Leroy Griffin, Jr.

11/2/11
Date

*Patrick Kent*
Patrick Kent, Esq.